Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3335 | **DATE** | 2/20/2002 |
| **CASE TITLE** | Anthony Willis vs. City of Chicago, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Amended Memorandum Opinion And Order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | 2 number of notices |
| ✓ | Notices mailed by judge's staff. | FEB 21 2002 date docketed |
| | Notified counsel by telephone. | docketing deputy initials |
| | Docketing to mail notices. | 2/20/2002 date mailed notice |
| | Mail AO 450 form. | ETV mailing deputy initials |
| | Copy to judge/magistrate judge. | |

ETV courtroom deputy's initials

U.S. DISTRICT COURT CLERK

02 FEB 20 PM 5:00

FILED-ED 1

Date/time received in central Clerk's Office

Document Number 136

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY WILLIS,

**Plaintiff,**

v.

CITY OF CHICAGO, *et al.*

**Defendants.**

**No. 98 C 3335**

**Judge Rebecca R. Pallmeyer**

DOCKETED
FEB 21 2002

**AMENDED MEMORANDUM OPINION AND ORDER**

Plaintiff Anthony Willis asks this court to reconsider the order entered on January 18, 2000, dismissing all but one of the claims arising out of his June 1996 arrest. Willis was arrested during execution of a warrant that authorized Defendant officers to search the person of a "M/BLK/28-30yrs, 5'7", 150 lbs., DRK COMPLX, HAIR PERMED KNOWN AS 'SWAN' " and the premises at 6916 South Parnell, a single family house in Chicago, and to seize crack cocaine, drug sale proceeds, paraphernalia and contraband. When they executed that warrant, officers seized Plaintiff and charged him with possession of narcotics with intent to deliver, possession of a sawed-off shotgun, and unlawful use of a weapon by a felon. In the course of the arrest, Plaintiff alleges that Defendant Officer Freeman held a gun to his head, threatened to kill him, handcuffed him and proceeded to assault him. In his amended complaint, Plaintiff alleges that Defendant Pietrowski joined Freeman in punching Plaintiff in the chest, ribs and kidneys. Plaintiff alleges he was incarcerated for twenty-two months at Cook County Jail, and on February 18,

136

1998, the June 1996 charges were dismissed.

Plaintiff has asserted several claims, including claims of false arrest, false imprisonment, malicious prosecution, use of excessive force, conspiracy, and state law claims of intentional infliction of emotional distress. Defendants moved to dismiss all of the claims other than the excessive force claim against Defendant Freeman. They argued that the search warrant established that the officers had probable cause to arrest Plaintiff, which defeats his false arrest, false imprisonment, and malicious prosecution claims. In any event, Defendants contended, the June 1996 charges were not resolved favorably to Plaintiff; they suggested the court take judicial notice of state court records that show that those charges resulted in enhancing Plaintiff's sentence on earlier charges. Defendants urged, further, that Plaintiff had not alleged a conspiracy claim independent of the other alleged constitutional violations, and that his state law intentional infliction of emotional distress and battery claims were time-barred. Finally, Defendants argued that Plaintiff had offered no basis for holding the City of Chicago responsible for the officers' constitutional violations.

Plaintiff's response to the motion to dismiss focused on the warrant. Plaintiff argued that the copy of the warrant presented at the time of the search was not signed by a judge. He argued, further, that the warrant was invalid because it authorized search of a single-family home, while the property at 6916 South Parnell is a two-flat. Defendants' reply memorandum addressed the first of these

arguments – they offered evidence that there is a signed copy of the search warrant – but made no mention of Plaintiff's concerns that the warrant was invalid because it authorized the search of a single-family home only. In its January 18, 2000 order, this court likewise failed to address this second issue.

The Seventh Circuit has recognized that where the execution of a valid search warrant discloses probable cause, the resulting arrest does not violate the Fourth Amendment. *United States v. Price*, 888F.2d 1206 (7th Cir. 1989). The fact that a search warrant incorrectly describes an apartment building as a single family residence does not render a warrant invalid, unless the officers knew or should have known that the building in question contains multiple units. *Jacobs v. City of Chicago*, 215 F.3d 758, 768 n. 4 (7th Cir. 2000). In this case, Plaintiff Willis, who has submitted photographs of the 6916 South Parnell property, himself acknowledges that the building appears from the outside to be a single-family home. He nevertheless urges that Defendants acted improperly in seeking and obtaining a search warrant based in large part on information provided by a confidential informant.

In a telephone conference conducted on February 14, 2002, Mr. Willis acknowledged he did not own the property at 6916 South Parnell, nor did he reside there in June 1996. Thus, Mr. Willis himself has no standing to challenge the validity of the search warrant. His theory now is that officers lacked probable cause to arrest him, because he was a mere visitor, among several others, present

in the building where they believed drug trafficking had occurred. Neither his original complaint, nor his amended complaint mentions those circumstances, however. Nor has Mr. Willis (or any of the several lawyers who have represented him) ever asserted that he committed no violation of law or that Defendant police officers found no evidence that he had committed a crime. Mr. Willis is not required to allege facts, but where he has not even suggested that Defendant officers lacked probable cause to arrest him, his false arrest and malicious prosecution claims were properly dismissed. *See Jones by Jones v. Webb*, 45 F.3d 178, 181 (7th Cir.1995); *Simmons v. Pryor*, 9 F.3d 555, 560 (7th Cir.1993). ("[T]he existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution.") Significantly, when asked in the telephone conference what circumstances support his claim that his arrest was unlawful, Mr. Willis again merely attacked the validity of the search warrant.

Mr. Willis's motion to reconsider dismissal of his unlawful arrest, false imprisonment, and malicious prosecution claims is denied. He has not responded to the argument that his state law tort claims are time-barred. The fact that Mr. Willis's arrest was supported by probable cause does not, of course, excuse the arresting officer for his use of excessive force. This case will proceed on that claim with respect to Defendant Freeman. The court notes that it erred in concluding that Defendant Freeman is the only officer alleged to have participated in that violation of Plaintiff's rights; Mr. Willis has alleged that Defendant Pietrowski also

beat him in the course of the arrest. Accordingly, the claim of excessive force will stand as against Mr. Freeman and is reinstated as against Mr. Pietrowski.

The motion for reconsideration is granted with respect to the claim of excessive force against Mr. Pietrowski, but otherwise denied. As directed in the February 14, 2002 telephone conference, Plaintiff must promptly provide his list of witnesses to counsel for Defendants; the fact that he has not yet spoken to any witness or has not yet determined any witness's current address or telephone number does not excuse his providing the names of those witnesses. Failure to do so on or before Tuesday, February 19, 2002, will result in a conclusion that Plaintiff will be his only witness.

ENTER:

Dated: February 20, 2002

REBECCA R. PALLMEYER
United States District Judge