# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3335 | **DATE** | 3/5/2002 |
| **CASE TITLE** | Anthony Willis vs. Sgt. Pietrowski, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' Rule 50 motion is granted. Plaintiff's false arrest claim is dismissed on its merits, as are any claims relating to the validity of the search warrant at issue.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 6 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 142 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 3/5/2002 date mailed notice | |
| ETV | courtroom deputy's initials | 02 MAR -5 PM 5:18 Date/time received in central Clerk's Office | ETV mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| ANTHONY WILLIS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 98 C 3335 |
|  | ) |  |
| CITY OF CHICAGO, *et al.* | ) | Judge Rebecca R. Pallmeyer |
|  | ) |  |
|  | ) | DOCKETED |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

MAR 0 6 2002

This case is before the court and an eight-person jury for trial on Plaintiff Anthony Willis's claims of excessive force against Defendants, Chicago Police Officers Freeman and Pietrowski. Prior to trial, Defendants moved *in limine* to bar Plaintiff from offering any evidence concerning claims of false arrest, or any evidence challenging the validity of the search warrant that Defendant Freeman obtained and executed at the time of Mr. Willis's arrest. The court granted that motion, but invited Mr. Willis to preserve the issues for appeal by examining Officer Freeman and offering his own testimony on these issues outside the presence of the jury.

Rather than following this course of action, Mr. Willis, acting *pro se*, proceeded to call Officers Freeman and Pietrowski extensive questions on issues relating to the search warrant, including the circumstances giving rise to Officer Freeman's application for the warrant and the physical appearance of the building searched. Over Defendants' repeated objections and motion for a mistrial, the court allowed this testimony. At the conclusion of Plaintiff's case in chief, the court invited a Rule 50

142

motion on the false arrest and warrant claims. As explained briefly below, the court now grants that motion and dismisses claims challenging the validity of the warrant, the execution of the warrant, or Mr. Willis's arrest, as unsupported by the evidence.

Officer Freeman testified that a confidential informant ("CI") provided information supporting issuance of a search warrant for a single-family home at 6919 South Parnell in Chicago. Specifically, the CI, who is registered with the City of Chicago and had provided accurate information on several previous occasions, reported that on June 4, 1996, he entered the front door of the building at 6916 South Parnell and purchased cocaine from an individual nicknamed "Swan" who retrieved the narcotics from an upstairs location before providing it to the CI. This information supported issuance of a warrant authorizing search of the building and of the individual named "Swan."

Officers Freeman, Pietrowski, and several others executed the warrant on June 7, 1996. After announcing their office at the front door of the building, they heard shouting and rapid movements indoors. Officers opened the door by force, and Defendant Freeman ran up the stairwell to the second floor, where he observed Anthony Willis running from a second-floor bedroom. Freeman again announced his office and directed Mr. Willis to stop. According to Officer Freeman, Willis complied immediately and submitted to a weapons search of his body. Soon afterwards, when a fellow officer reported recovery of a sawed-off shotgun and a quantity of cannabis in the bedroom from which Willis had been running, Officer Freeman placed him under arrest and performed a pat-down search, recovering a golf-ball sized rock of crack

cocaine from Mr. Willis's pants pocket.

Mr. Willis's own testimony is that Officer Freeman and Officer Pietrowski seized him in a second-floor kitchen and demanded to know where "Swan" was. He asserts, further, that the 6916 South Parnell building is a two-flat, not a single-family home, and that this fact renders the warrant invalid. These circumstances are insufficient to support any false arrest claim, because they do not defeat a finding of probable cause for the arrest. (Mr. Willis testified at trial that officers planted the narcotics in his bedroom, but no such allegation appears in his lengthy complaints and motions in this case; the court concludes that any such claim of misconduct is waived.) Significantly, Mr. Willis claims he lived at 6916 South Parnell on June 4, 1996, but no longer lived there on June 7, 1996. As a non-resident, Mr. Willis has no standing to challenge the validity of the search warrant.

Even if he had such standing, his claims would fail. As the court observed in its ruling on Plaintiff's motion for reconsideration, the fact that a search warrant incorrectly describes an apartment building as a single family residence does not render a warrant invalid, unless the officers knew or should have known that the building in question contains multiple units. *Jacobs v. City of Chicago*, 215 F.3d 758, 768 n. 4 (7th Cir. 2000). Plaintiff emphasizes that 6916 South Parnell is a two-flat, but he offers no evidence that Defendant Officers knew this or should have known it. Defendants Freeman and Pietrowski both testified that they believed the building was a single-family home, despite Pietrowski's acknowledgment that there is a kitchen on each of the two floors. Plaintiff urges that photos he offered in evidence unmistakably

3

reflect the building's status as a two-flat. There was no foundation for admission of the photographs, however. In any event, the court's own review of the photos confirms Defendants' testimony that the appearance of the building at the time the photos were taken is consistent with their characterization of the building as a single-family home. At a minimum, the matter is one on which reasonable minds can differ, meaning that Defendants are entitled to qualified immunity from any claim relating to the building's status as a two-flat.

Defendants' Rule 50 motion is granted. Plaintiff's false arrest claim is dismissed on its merits, as are any claims relating to the validity of the search warrant at issue.

ENTER:

Dated: March 5, 2002

REBECCA R. PALLMEYER
United States District Judge